FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS   2005 FEB 25  P 3: 08
EASTERN DIVISION

05- 10377 GAO

RECEIPT #_____
AMOUNT $ 250.00
SUMMONS ISSUED  1
LOCAL RULE 4.1 ___-___
WAIVER FORM ___-___
MCF ISSUED ___-___
BY DPTY. CLK. M.P.
DATE  3/25/05

NATURE ISLAND INVESTMENT COMPANY, )
LTD., )
    Plaintiff, )
)
v. )
)
CDC GLOBELEQ, )
    Defendants. )
)

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

MAGISTRATE JUDGE _RBC_

### INTRODUCTION

1.     This is an action by Nature Island Investment Company, Ltd. ("NIICO") against CDG Globeleq ("CDC") stemming the sale of a business.

### PARTIES

2.     Plaintiff NIICO ("Plaintiff") is a corporation duly organized under the laws of the Commonwealth of Massachusetts with an office and principal place of business at 92 High Street, Medford, Middlesex County, Massachusetts.

3.     Defendant CDC is a foreign corporation having a usual place of business at 4200 Westheimer Road, Houston, Texas 77027.

### FACTUAL ALLEGATIONS

4.     In or about April 2003, Anthony Sulfaro ("Sulfaro"), President of NIICO became aware that CDC sought to sell its interest in Domleq, a power plant located on the Commonwealth of Dominica.

5.     Sulfaro was informed by CDC that the sale was being run out of CDC's Houston, Texas headquarters.

6. Sulfaro was further informed by CDC that West Griffin ("Griffin") was the CDC point of contact that would be handling the sale of Domleq.

7. In or about June 2003, Sulfaro, on behalf of NIICO, and Fred Young ("Young"), another NIICO investor, met with Griffin at Young's office in Waltham, Massachusetts to discuss the sale of CDC's interest in Domleq.

8. Griffin, on behalf of CDC, encouraged NIICO's efforts to purchase CDC's interest in Domleq and made representations to the effect that the sale process would be a fair process.

9. In or about July 2003 NIICO, in reliance upon CDC's representations the sale process would be fair, expended money to procure a study and report ("Feasibility Report") on the physical infrastructure and operations of Domleq. NIICO further expended funds and resources in setting up a financial model for analysis and bank financing to purchase CDC's shares in Domleq.

10. In or about August 2003, NIICO and its agent had extensive discussions with Griffin, as CDC's agent, concerning the Feasibility Report and the economic viability of Domleq.

11. Griffin, as CDC's agent, continued to encourage NIICO to pursue the purchase of CDC's shares in Domleq and represented to NIICO that NIICO would be successful in its efforts to purchase CDC's shares in Domleq.

12. In or about October or November 2003, CDC represented to NIICO that it would close the deal on the sale of CDC's shares in Domleq if NIICO had the funding in place to make the purchase.

13. As a result of CDC's representations, in or about December 2003, NIICO brought in an additional investor and expended considerable funds, time and resources to procure the necessary funding. This included conducting a tour of the Domlec facilities and preparing necessary business plans and financial analysis reports.

14. In or about January 2004, West and CDC represented to NIICO that a quick closing was desired for the sale of CDC's shares in Domleq and that CDC would accept an offer from NIICO in the amount of $4,000,000.

2

15. On or about February 19, 2004, NIICO obtained a Secured Letter of Credit ("SLOC") for the purchase of CDC's shares in Domleq. The SLOC satisfied CDC's funding requirements.

16. On or about March 8, 2004, Greg Osadetz ("Osadetz"), CDC's director for the Santo Domingo territory, informed NIICO that NIICO would need to meet five conditions to get the purchase the CDC shares in Domleq.

17. NIICO satisified CDC's five conditions to purchase of CDC's shares in Domleq.

18. On March 10, 2004, Osadetz met with NIICO's representative in Newton, Massachusetts to discuss the sale of CDC's shares in Domleq.

19. NIICO presented Osadetz with its bank commitment letter for $4,000,000 in funding, and other documents evidencing NIICO's approval for funding, the price CDC set for the sale of its CDC's shares in Domleq. NIICO then informed Osadetz that it could immediately provide Osadetz with a $4,000,000 check to close the deal.

20. Osadetz then informed NIICO that he was authorized to accept a check from NIICO but that CDC's price was now $4,750,000. Osadetz then added that CDC is now "going through a process that will be fair to all" and CDC will not accept NIICO's check.

21. NIICO was ready, willing, and able to provide CDC will the requirement payment to close on the sale of CDC's shares in Domleq.

22. Contrary to the representations of Osadetz and CDC, Osadetz and CDC did not sell CDC's shares in Domleq to NIICO.

26. Rather, CDC sold CDC's shares in Domleq to WRB, a foreign corporation duly organized under the laws of the State of Florida with an office and principal place of business at 1414 Swann Avenue, Tampa, Florida 33606-2533.

## LEGAL CLAIMS

### COUNT I – BREACH OF CONTRACT

27. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-26 above.

28. Plaintiff and CDC had an agreement with CDC wherein CDC agreed to sell CDC's shares in Domleq to the Plaintiff for the sum of $4,750,000.

29. The agreement with CDC constituted a valid and binding contract wherein CDC was obligated to sell its shares in Domleq to Plaintiff for the sum of $4,750,000 upon Plaintiff's tendering of sufficient funds.

30. Plaintiff tendered the requirement payment to CDC to consumate the sale of CDC's shares in Domleq to the Plaintiff for the sum of $4,750,000.

31. Plaintiff expended considerable funds and resources in an effort to comply with its obligations under the agreement with CDC.

31. CDC breached its contract with the Plaintiff.

32. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $300,000 in funds and resources expended to procure CDC's interest in Domleq, as well as a loss of expected profits that Plaintiff would have earned but for CDC's breach.

WHEREFORE, the Plaintiff seeks judgment against CDC, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – MISREPRESENTATION/FRAUD/DECEIT

31. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-30 above.

32. CDC made material represensations of fact to the Plaintiff concerning the sale of CDC's shares in Domleq.

33. The representations of fact included, but were not limited to, representations that CDC would sell its shares in Domleq to the Plaintiff upon Plaintiff demonstrating its ability to pay for CDC's shares in Domleq.

34. The representations were made with the intent of causing the Plaintiff to reasonably rely on the representations. However, CDC actually did not intend to sell its shares to the Plaintiff and concealed this fact from the Plaintiff.

35. Plaintiff rreasonably relied on CDC's represensations and expended considerable funds and resources in conducting its due diligence, negotiating with CDC, and taking the steps necessary to procure the funds necessary to consumate the sale with CDC.

36. Plaintiff's reasonable reliance was to its detriment.

4

37. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $300,000 in funds and resources expended to procure CDC's interest in Domleq, as well as a loss of expected profits that Plaintiff would have earned but for CDC's breach.

WHEREFORE, the Plaintiff seeks judgment against CDC, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.

### COUNT III – PROMISSORY ESTOPPEL

38. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-37 above.

39. CDC made representations and promises of material fact that were intended to incude NIICO to act.

40. NIICO reasonably relied upon CDC's representations and promises to the detriment of NIICO.

41. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $300,000 in funds and resources expended to procure CDC's interest in Domleq, as well as a loss of expected profits that Plaintiff would have earned but for CDC's breach.

WHEREFORE, the Plaintiff seeks judgment against CDC, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.

### COUNT IV – VIOLATION OF M.G.L. CH. 93A

42. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-41 above.

43. Both CDC and the Plaintiff engaged in the course of trade or commerce.

44. The actions of CDC as set forth above constitute willful and intentional actions and unfair and deceptive trade of business practices in violation of Massachsuetts General Laws Chapter 93A.

45. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $300,000 in funds and resources expended to procure CDC's interest in Domleq, as well as a loss of expected profits that Plaintiff would have earned but for CDC's breach.

WHEREFORE, the Plaintiff seeks judgment against CDC, in an amount to be determined at trial, in the amount of at least double and not more the triple, as well as reasonable attorneys' fees, interest and costs.

## VERIFICATION

I have read the factual allegations as set forth in paragraphs 1-45 above and attest that they are true and accurate to the best of my knowledge, information, and belief. Signed under the pains and penalties of perjury this 2nd day of February, 2005.

Anthony Sulfaro, as President of
Nature Island Investment Company, Ltd.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Nature Island Investment Company. LTD, Plaintiff
By its attorneys,

David R. Ardito, BBO # 630035
Law Office of David R. Ardito
Bates Building
7 North Main Street, Suite 215A
Attleboro, MA 02703
(508) 431-2222

Dated: February 22, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nature Island Investment Company, Ltd.

(b) County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
David R. Ardito
7 North Main St, Suite 215A
Attleboro, MA 02703    508-431-2222

### DEFENDANTS
CDC Globeleq

FILED
CLERKS OFFICE
2005 FEB 25 PM 3:08
U.S. DISTRICT COURT
DISTRICT OF MASS

County of Residence of First Listed Defendant: 4 Houston, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
05-10377 GAO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1391
Brief description of cause:
Breach of contract/misrepresentation concerning the sale of a business.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 2/22/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Nature Island Investment Company, Ltd.__
   __v. CDC Globeleq__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   FILED CLERKS OFFICE
   2005 FEB 25  P 3:08
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

   05 CV 10377 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __NONE__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David R. Ardito__
ADDRESS __7 North Main St, Suite 215A, Attleboro, MA 02703__
TELEPHONE NO. __508-431-2222__

(Coversheetlocal.wpd - 10/17/02)