UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| NATURE ISLAND INVESTMENT COMPANY LTD., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | CIVIL ACTION NO. 05-10377-GAO |
| CDC GLOBELEQ, ) ) | |
| Defendant. ) ) | |

## SCHEDULING STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and in compliance with the Court's Order of October 17, 2005, Plaintiff Nature Island Investment Company Ltd. ("Plaintiff") and Defendant CDC Globeleq ("Defendant" and together with Plaintiff, the "Parties") are required to file a Joint Scheduling Statement no later than five (5) business days before the scheduling conference. Although the Parties have agreed in substance to the dates contained herein, Defendant's counsel has been unable to obtain comments or final consent from Plaintiff's counsel regarding whether Plaintiff wished to submit any modifications to the proposed Joint Scheduling Statement. Defendant's counsel attempted to contact Plaintiff's counsel both by telephone and e-mail on November 18, 2005, November 21, 2005 and December 2, 2005. In order to comply with Local Rule 16.1 and in the absence of Plaintiff's cooperation, we are compelled to file this Scheduling Statement in the above-captioned action unilaterally.

A.  **JOINDER OF PARTIES OR AMENDMENTS TO PLEADINGS**

The Parties propose that all motions seeking to amend the pleadings or add parties will be filed 30 days after the date of the scheduling conference.

B.  **JOINT DISCOVERY PLAN**

i.  **Automatic Disclosure**

The Parties have served their automatic disclosures upon each other, in compliance with Local Rule 26.2, prior to the Scheduling Conference.

ii.  **Depositions**

Pursuant to Local Rule 26.1(c), the Parties will be limited to ten (10) depositions for each side, not including expert depositions or third-party keeper of the records depositions. The Parties agree to comply with the time limits imposed on depositions pursuant to the revision to Fed.R.Civ.P. 30.

iii.  **Expert Depositions**

In addition to the fact depositions, the Parties may also take expert depositions if necessary. Disclosure of expert witnesses shall be in accordance with the applicable rules. The Parties propose that the Plaintiffs will designate all experts, if any, that they intend to use thirty (30) days prior to the close of fact discovery and will disclose the expert(s) required by Fed.R.Civ.P. 26(a)(2) at that time, and the Defendants will then have forty-five (45) days after Plaintiffs' designation of any expert witness(es) to designate their respective expert witness(es) and provide their respective expert(s) reports as required by Fed.R.Civ.P. 26(a)(2).

    iv.    **Written Discovery**

The Parties propose that the Parties will comply with the discovery and event limitations set forth in Local Rule 26.1(c). The Parties further propose that all written discovery be completed 9 months from the date of the scheduling conference.

**C.    PRE-TRIAL SCHEDULE**

The Parties have agreed to the following pre-trial schedule:

i. All fact discovery completed by September 9, 2006.

ii. All expert discovery completed by November 9, 2006.

iii. All non-dispositive and discovery motions to be filed by November 9, 2006.

iv. All Fed.R.Civ.P. 56 motions and/or other dispositive motions to be filed by December 9, 2006. This is subject to any pending decisions on any open non-dispositive or discovery motions.

v. A Pre-Trial Conference to be held thirty (30) days after a decision on any Rule 56 motion or as otherwise scheduled by the Court.

**D.    MODIFICATION**

Pursuant to Local Rule 16.1(g), the provisions of this scheduling order can be modified by order of the judge, or the magistrate judge if so authorized by the judge, upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record.

E.  **SETTLEMENT DEMAND**

Pursuant to Local Rule 16(c), Defendants' counsel is in receipt of an unexecuted settlement demand dated June 20, 2003 from the Law Office of John C. Carleen, P.C. attached hereto as Exhibit A.

F.  **MAGISTRATE JUDGE**

Pursuant to Local Rule 16.1(b)(3), the Parties do not unanimously agree to proceed before a Magistrate Judge on any matter in this action.

G.  **CERTIFICATIONS**

The Parties' certifications will be filed separately.

Dated: New York, New York
December 2, 2005

Respectfully submitted,

CDC GLOBELEQ

By its attorneys,

/s/ John J. Lee
John J. Lee (admitted *pro hac vice*)
26 Broadway, Suite 2400
New York, NY 10004
(212) 480-3500
(212) 480-9557 (fax)

-and-

Kurt B. Gerstner (BBO# 190130)
Christopher R. Conroy (BBO# 661155)
Campbell Campbell Edwards & Conroy, P.C.
One Constitutional Plaza
Boston, MA 02129

# Exhibit A

## LAW OFFICES OF JOHN C. CARLEEN, P.C.
92 Montvale Avenue
Suite 4170
Stoneham, MA 02180

Telephone (781) 438-4600
Fax: (781) 438-4611

James M. Caramanica, Esq.*
*Also Admitted in RI

June 20, 2003

J. Joseph Bainton, Esq.
Bainton McCarthy LLC
26 Broadway
New York, NY 10004

    Re:   <u>Nature Island Investment Company, LTD. V. CDC Globeleq</u>
           C.A. No. 05-10377-GAO

Dear Mr. Bainton:

Pursuant to the requirements of F.R.P. 26(f) and L.R. 16.1(c), Plaintiff herein makes a demand for settlement in the amount of $750,000. This demand is based upon Plaintiff's expenses incurred in connection with its efforts to purchase the shares at issue, as well as lost profits based solely upon the initial sale of the shares.

Thank you for your attention to this matter. Please call me with any questions.

                          Very truly yours,

                          James M. Caramanica

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| NATURE ISLAND INVESTMENT COMPANY LTD., <br><br> Plaintiff, <br><br> v. <br><br> CDC GLOBELEQ, <br><br> Defendant. | CIVIL ACTION NO. 05-10377-GAO |

CERTIFICATE OF SERVICE

I, Michael J. Cohen, hereby certify that on December 2, 2005 a copy of the *Scheduling Statement* was served via first-class mail upon counsel for the Plaintiff, David R. Ardito, Esq., Law Offices of David R. Ardito, Esq., Bates Building, 7 North Main Street, Suite 215A, Attleboro, MA 02703.

Dated: New York, New York
December 2, 2005

/s/ Michael J. Cohen
Michael J. Cohen